# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE SHEWARD,<br><br>Plaintiff,<br><br>v.<br><br>JANEANE WEBER, et al.,<br><br>Defendants. | Case No. 1:15-cv-00015-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>FOURTEEN-DAY DEADLINE |

### I.  Background

Plaintiff Anthony Wayne Sheward, a county jail inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 30, 2014. Plaintiff also filed an application to proceed in forma pauperis. (ECF Nos. 1, 2.)

On January 8, 2015, the Court issued an order directing Plaintiff to submit his consent or decline to the jurisdiction of the Magistrate Judge within thirty days. (ECF No. 3.) The following day, on January 9, 2015, the Court issued an order directing Plaintiff to file a completed application to proceed in forma pauperis or pay the filing in fee in full within forty-five days. (ECF No. 4.) Plaintiff did not respond to either order in a timely manner or otherwise contact the Court.

On March 6, 2015, the Court issued a second order directing Plaintiff to submit his consent or decline to the jurisdiction of the Magistrate Judge within thirty days. (ECF No. 5.) The Court's

second order regarding consent or decline to Magistrate Judge jurisdiction, which was directed to the Plaintiff by the Clerk, was returned by the United States Postal Service as undeliverable, not in custody on March 6, 2015.

## II. Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to the Court's docket, Plaintiff's address change was due no later than May 14, 2015. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's repeated failure to respond to this Court's orders, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff,

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

1 there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this
2 action and his failure to apprise the Court of his current address. *In re PPA,* 460 F.3d at 1228-29;
3 *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based
4 on Plaintiff's failure to prosecute this action.

### III. Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 19, 2015**                    /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE